**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

December 1, 2017

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: P.F., C.F., L.F., and J.F.-1

No. 17-0651 (Randolph County 16-JA-051, 16-JA-052, 16-JA-053, & 16-JA-054)

## MEMORANDUM DECISION

Petitioner Mother, J.F.-2, by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's April 10, 2017, order terminating her parental rights to P.F., C.F., L.F., and J.F.-1[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that her home had no working utilities, little food, and, due to non-payment of rent, the landlord sought to evict petitioner. The DHHR also alleged that petitioner locked the refrigerator to prevent the children from "wasting" food. Further, the DHHR alleged that the children reported observing petitioner and their father snort pills and smoke methamphetamine. The DHHR alleged that drug use affected petitioner's ability to maintain employment and supervise and parent her children. Petitioner waived her preliminary hearing and the circuit court ordered that she attend supervised visits with the children.

In July of 2016, the DHHR filed an amended petition alleging petitioner's failure to follow through with medical treatment for C.F. at the WVU Eye Institute, and failure to ensure

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one child and petitioner share the same initials, we will refer to them as J.F.-1 and J.F.-2, respectively, throughout this memorandum decision.

that C.F. and P.F. wore their corrective lenses as directed. According to the DHHR, medical records indicated that C.F. and P.F. were seen at the WVU Eye Institute in 2014 and were given instructions to wear corrective lenses at all times when they were awake. The instructions also directed the family to return for a follow up appointment for C.F. in six months, but that appointment was not kept. Also in July of 2016, the circuit court held an adjudicatory hearing wherein petitioner filed a motion for a post-adjudicatory improvement period. Petitioner stipulated that she "took various controlled substances rendering her less able to care for the children." Petitioner was adjudicated as an abusing parent and the circuit court granted her motion for a post-adjudicatory improvement period.

In September of 2016, the circuit court held a review hearing wherein the guardian expressed concerns that petitioner and the father of the children had not secured stable housing for the family. Nevertheless, the circuit court found that petitioner had been participating in her improvement period and ordered the improvement period to continue. In November of 2016, the circuit court held a review hearing to evaluate petitioner's post-adjudicatory improvement period. The DHHR expressed concerns involving petitioner's lack of contact with the DHHR, which had prevented it from directing petitioner to submit to random drug screens. However, the circuit court found that petitioner had made "some progress" during the post-adjudicatory improvement period and extended her improvement period for an additional ninety days.

In January of 2017, the circuit court held a review hearing. A Child Protective Services ("CPS") worker advised the circuit court that it had ceased supervised visits and parenting classes due to petitioner's non-compliance and that petitioner had a positive drug screen in December of 2016. In February of 2017, the circuit court held a review hearing regarding petitioner's post-adjudicatory improvement period. The DHHR presented testimony that petitioner complied with some terms and conditions of her improvement period, such as obtaining housing, but did not comply with several other terms. The circuit court found that petitioner failed to comply with visitation, parenting and adult life skills training, and abstaining from drug use and, therefore, failed to successfully complete her post-adjudicatory improvement period.

On March 27, 2017, the circuit court held a dispositional hearing at which petitioner moved for a post-dispositional improvement period. Prior to the dispositional hearing, the DHHR filed its motion to terminate petitioner's parental rights. During the hearing, petitioner testified that she would be willing to comply with the terms and conditions of an additional improvement period, but also admitted to using drugs multiple times after the February 22, 2017, hearing and as recently as seventeen days prior to disposition. The circuit court denied petitioner's motion for a post-dispositional improvement period and found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. The circuit court found that termination of petitioner's parental rights was consistent with the best interests of the children. Ultimately, the circuit court terminated petitioner's parental rights to the children in its April 10, 2017, order.[2] It is from the dispositional order that petitioner appeals.

---

[2]In addition to termination of petitioner's parental rights, the circuit court also terminated the father's parental rights to the children. According to the guardian and the DHHR, the children are placed in the custody of the paternal uncle with a goal of adoption in that home.

2

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's proceedings below.

In her sole assignment of error, petitioner argues that the circuit court erred in terminating her parental rights instead of granting her a post-dispositional improvement period. In support of her argument, petitioner asserts that the circuit court was required to give preference to other, less-restrictive dispositions prior to ordering involuntary termination. Petitioner also argues that she and her husband, the children's father, intended to end their marriage, which was a significant change in circumstances to warrant a post-dispositional improvement period. We disagree.

In order to obtain a post-dispositional improvement period when another improvement period was previously granted, West Virginia Code § 49-4-610(3)(D) requires a parent to "demonstrate[] that since the initial improvement period, the [parent] has experienced a substantial change in circumstances." Further, the statute requires that the parent "shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period[.]" Id.

Here, petitioner argues that she has had a substantial change in circumstances because she intended to separate from her husband. Although petitioner asserts that "the parents' struggles were a result of negative patterns that had emerged during the relationship," she presented no evidence to show that she had taken any action to separate from her husband, or how any such separation, would cause her to be likely to fully participate in a post-dispositional improvement period. Petitioner's post-adjudicatory improvement period was terminated for failure to comply with its terms and conditions. During her post-adjudicatory improvement period, petitioner failed to attend visits with the children, failed to attending parenting classes and adult skills training, failed to comply with consistent drug screens, and failed drug screens multiple times throughout the proceedings. Based on this evidence, petitioner did not demonstrate that due to a change in circumstances, she would be likely to fully participate in a post-dispositional improvement period; therefore, the circuit court did not err in denying petitioner's motion.

3

Further, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. As discussed above, petitioner failed to comply with services, including parenting classes and consistent drug screens. Additionally, petitioner tested positive for drugs during the proceedings and did not seek any drug treatment or counseling. Moreover, the circuit court also found that termination was necessary for the child's welfare. As previously stated, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings.

Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 10, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: December 1, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4